OPINION
Appellant, Dixie A. Clark, appeals a March 10, 1998 judgment entry of the Ashtabula County Court of Common Pleas, which dismissed appellant's supplemental complaint against appellees, Joseph F. Nicholas, Jr. and Mr. Nicholas's law firm, Mazanec, Raskin and Ryder, Co., L.P.A.
Appellant filed a complaint against Cheryl L. Brady, on November 13, 1996, claiming that Ms. Brady injured her by negligently causing an automobile accident on November 18, 1994. Ms. Brady and her husband had previously filed a complaint against appellant for injuries sustained in the same accident. Appellant's insurer, Leader National Insurance Co. ("Leader"), had retained Mr. Nicholas to defend her from the Bradys' complaint. Mr. Nicholas filed a counterclaim, on appellant's behalf, for property damages, but not for personal injuries. The complaint was settled and dismissed with prejudice on October 31, 1995.
In response to appellant's complaint, Ms. Brady moved the court to dismiss the complaint or grant summary judgment on grounds of res judicata. On March 14, 1997, appellant filed a "supplemental complaint," joining appellee and her insurer, Leader National Insurance Co., as parties. She alleged that Mr. Nicholas and his firm were guilty of malpractice, negligence, and willful, wanton, and reckless conduct because: he filed a counterclaim without speaking to appellant to ascertain her damages; he dismissed her counterclaim, with prejudice, without speaking to her and obtaining her consent; and, as a result, she was now precluded from pursuing her personal injury claim against Ms. Brady. She alleged that Leader was guilty of negligence and willful, wanton, and reckless conduct by hiring appellees to represent her.
On January 27, 1998, in response to various motions for dismissal and summary judgment, the trial court granted Leader's motion for summary judgment and denied Ms. Brady's motion for summary judgment, concluding that Dixie Clark's action was not barred by res judicata. The trial court reasoned that requiring appellant to assume the extra burden and risk of proceeding against appellees and Leader for malpractice, instead of Ms. Brady for the underlying claim, would result in unnecessary expenses and needless complication, contrary to the precepts of Civ.R. 1(B). Ms. Brady appealed from this entry. On June 19, 1998, we dismissed the appeal for lack of a final appealable order.
On March 10, 1998, the trial court filed an amended judgment entry dismissing appellees, with prejudice. The trial court included language, pursuant to Civ.R. 54, indicating that there was no just reason for delay. Appellant appeals from that entry, and raises the following assignment of error for our review:
 "Whether the trial court's decision to dismiss plaintiff-appellant's supplemental complaint, thereby dismissing, sua sponte, defendant-appellee Joseph Nicholas, Jr. and Mazanec, Raskin, Ryder Co., L.P.A., with prejudice, was contrary to law."
In her assignment of error, appellant argues that her complaint stated a cause of action upon which relief could be granted, that appellees did not file a motion to dismiss or for summary judgment; and, therefore, she should have been permitted to proceed. Appellees argue that the trial court acted properly, pursuant to Civ.R. 1(B).
The trial court dismissed appellant's supplemental complaint because it was allowing her complaint against Ms. Brady to proceed. By allowing the complaint against Ms. Brady to proceed, the basis for her malpractice action seemingly disappears. With all court rulings, however, especially one on what the trial court termed a "novel" issue, the court runs a risk of its ruling being overturned on appeal. Appellant must be allowed to preserve her potential malpractice claims pending appeal. Her complaint also alleged that appellee was not only guilty of negligence, but of willful, wanton, and reckless conduct as well. For these latter allegations, appellant could possibly recover punitive damages as well as litigation costs, including attorney fees, necessitated by settlement of the initial lawsuit. These claims would survive regardless of the outcome of the malpractice complaint.
Under R.C. 2305.11(A)
 "an action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney." Zimmie v. Calfee, Halter and Griswold (1989), 43 Ohio St.3d 54, 538 N.E.2d 398, at syllabus.
In Zimmie, the Ohio Supreme Court concluded that a malpractice cause of action accrued when the trial court made an adverse ruling, and not after the ruling was determined to be correct by the Ohio Supreme Court. The correct course of action for the plaintiff in Zimmie would have been to file the cause of action at the time of the adverse ruling, which should have been stayed by the trial court until the outcome of the appeals process. Based on Zimmie, the trial court in the present case should have stayed appellant's malpractice claim pending outcome of its cause of action against Ms. Brady rather than dismissing it with prejudice. Therefore, we find that appellant's assignment of error has merit. We reverse and remand for adjudication of appellant's supplemental complaint.
CHRISTLEY, P.J., and O'NEILL, J., CONCUR.